# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PRIMEONE INSURANCE COMPANY**,

       Plaintiff,

Case No. 2:25-cv-12888

v

**SUPER VALUE MART, LLC, D/B/A SUNOCO**,

       Defendant.

_____/

KURT D. MEYER (P38205)
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI  48083
(248) 689-3920/(248) 689-4560 - Fax
kmeyer@gregorylaw.com

_____/

There is a civil action pending (*Randall Perry, Jr. and Randall Perry Sr. v. Sunoco, Inc., Tofeek Saeed, and ABC Corporations 1 through 10*) in the County of Wayne, Case No. **22-006002-NO**, with the Honorable Edward Ewell, Jr.

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES** Plaintiff, PrimeOne Insurance Company ("POIC"), by and through its attorneys, Gregory, Meyer & Chapnick, P.C., and submits its Complaint

for Declaratory Judgment against Defendant, Super Value Mart, LLC, d/b/a Sunoco. In support thereof, POIC states as follows:

## PARTIES

1. Plaintiff POIC is a Utah corporation, with its principal place of business in Agoura Hills, California.

2. Defendant Super Value Mart, LLC d/b/a Sunoco ("Super Value Mart") is a limited liability Company established in the State of Michigan and was doing business in Wayne County, Michigan.

## VENUE AND JURISDICTION

3. Venue is proper under 28 U.S.C. §1391(b)(1) because Defendant has its principal place of business in the Eastern District of Michigan, In addition, venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) in that the substantial part of the events giving rise to this action occurred in this judicial district and the subject policy was issued in this jurisdiction to a Michigan resident.

4. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between POIC, on the one hand, and the Defendant Super Value Mart, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has authority to declare the rights and obligations of the parties

in relation to the terms and provisions of a Commercial General Liability Policy that POIC issued to Super Value Mart.

## UNDERLYING RANDALL PERRY SHOOTING AND CIVIL ACTION

6. POIC issued a Commercial Insurance Policy to Super Value Mart, LLC d/b/a Sunoco ("Super Value Mart"), No. PPK3003657-21, effective April 25, 2021 through April 25, 2022 which contained a Commercial General Liability ("CGL") Coverage Form A true and correct copy of the Policy is attached hereto as **Exhibit 1** and incorporated by reference herein.

7. On or about July 31, 2021, Super Value Mart's employee, Tofeek Saeed ("Saeed"), deliberately shot and seriously injured customer Randall Perry, Jr., ("Perry Jr.") inside the gasoline station/convenience store operated by the Defendant located at 15441 Plymouth Road, Detroit, MI 48227.

8. According to the store surveillance video, Saeed and Perry Jr., exchanged words and, when Perry Jr. and his father, Randall Perry, Sr., ("Perry Sr.") were leaving the store, Saeed came from behind the counter with an AR-15, followed the Perrys to the entrance/exit door, and shot at Perry Jr., striking and severely injuring him.

9. Saeed was tried and convicted in Michigan Criminal Court for (1) Weapon Discharge in a Building Causing Injury (MCL 750.234(8)(3); (2) Assault with Intent to do Great Bodily Harm (MCL 750.84); and (3) Weapons - Felony

Firearms (2 counts) (MCL 750.227(B)(a).

10. Saeed was sentenced on October 13, 2023, and upon information and belief, is currently serving time in a Michigan State Prison.

11. On or about May 20, 2022, Randall Perry, Jr., and his father, Randall Perry, Sr., originally filed a three count Complaint, in Wayne County Circuit Court entitled *Randall Perry, Jr. and Randall Perry Sr. v. Sunoco, Inc., Tofeek Saeed, and ABC Corporations 1 through 10,* Case No. 22-006002-NO. Thereafter, in the Second Amended Complaint Plaintiffs added Super Value Mart as a named Defendant. ("underlying Complaint or "underlying action"). A true and correct copy of the Second Amended Complaint is attached and incorporated hereto as **Exhibit 2**.

12. The underlying Complaint alleged that Saeed was acting as an employee and/or within the scope of his employment with Super Value Mart at the time he shot and seriously injured Perry Jr.

13. The underlying Complaint does not allege Super Value Mart's alleged employee shot Perry Jr., in self-defense or that his injuries resulted from the use of reasonable force to protect persons or property.

14. Saeed's shooting of Perry Jr., was intentional resulting in expected or intended bodily injury and did not result from the use of reasonable force to protect persons or property.

4

15. Count I of the underlying Complaint is entitled "Negligent hiring, training, supervision and retention against Defendant Super Value Mart and alleges that Super Value Mart breached its duties by "negligently hiring, training, and supervising its employee, who Defendant knew or reasonably should have known had a propensity to "aggressively and violently attack customers" which would result in harm to its business invitees, such as Perry Jr., which breach caused Perry Jr. to suffer terror and fear as Saeed fired the weapon, as well as, physical and emotional injury to Perry Jr., and emotional damages to Perry Sr.

16. Count II of the underlying Complaint, asserts a negligent entrustment claim against Super Value Mart alleging that by allowing Saeed access to a loaded weapon who Super Value Mart knew or reasonably should have known had a propensity to "aggressively and violently attack customers" breached its duty to protect its customers from harm.

17. Count IV of the underlying Complaint asserts a claim for negligent infliction of emotional distress as to Randall Sr., against Super Value Mart as Randall Sr., was standing next to his son and witnessed his son get shot.

18. While the underlying Complaint does not pray for a specified amount of damages, it alleges that Perry suffered terror and fear as Saeed fired the AR-15 weapon, physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and that Perry Sr., suffered mental

5

and emotional injuries, mental anguish, fright, shock which manifests though physical symptoms such as loss of sleep, anxiety and nervousness, accordingly, the amount in controversy is in excess of $25,000.00.

## COUNT I – CLAIM FOR DECLARATORY RELIEF

19. POIC hereby incorporates paragraphs 1 through 18 of its Complaint as though fully set forth herein.

20. POIC is currently providing a defense to Super Value Mart under an express Reservation of Rights.

21. Super Value Mart's alleged employee's deliberate shooting of Perry Jr., while acting within the scope of his alleged employment was not an "occurrence" as defined in the Policy as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22. Perry Jr.'s injuries were expected, or intended, from the standpoint of Super Value Mart's alleged employee and were not the result of reasonable force to protect persons or property and are excluded from coverage under Exclusion 2.a.

23. Damages for fear, physiological trauma, loss of society and companionship, grief, emotional distress, mental anguish and similar mental injury do not constitute "bodily injury" as that phrase is defined by the Policy.

24. Under Michigan law, POIC is not obligated to defend and/or indemnify Super Value Mart for the cause of action of negligent entrustment because the Policy

exclusion not only precludes coverage for expected or intended injuries, it also excludes and precludes coverage for negligent entrustment of the instrumentality that caused the injury.

25. There is a genuine and bona fide dispute and actual controversy between POIC and Super Value Mart regarding whether POIC has a duty to defend and/or indemnify Super Value Mart against the claims asserted in the underlying *Perry* action under the terms of the CGL Coverage Form.

**WHEREFORE**, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §2201 and Fed. R. Civ. P. 57, POIC requests that the Court declare the following:

(a) POIC has no duty to defend or indemnify Super Value Mart, in connection with the claims asserted in the underlying *Perry* action because the underlying Complaint does not allege Super Value Mart's legal obligation to pay for bodily injury to which the POIC Policy applies;

(b) POIC has no duty to defend or indemnify Super Value Mart in connection with the claims asserted in the underlying *Perry* action under Coverage A. because the underlying Complaint does not allege Super Value Mart's legal obligation to pay for, and the underlying Plaintiff is not seeking damages for, bodily injury caused by an "occurrence" as that term is defined by the Policy and Michigan law;

(c) POIC has no duty to defend or indemnify Super Value Mart in connection with the claims asserted in the underlying *Perry* action under Coverage A. because the underlying Complaint alleges and seeks to impose legal liability for only damages that were expected or intended from the standpoint of the insured and all such alleged damages are expressly excluded from coverage

7

      by the Policy's Expected or Intended Exclusion 2.a.; and

(d)   POIC has no duty to defend or indemnify Super Value Mart in connection with the claims asserted in the underlying *Perry* action under Coverage A. for damages which do not constitute "bodily injury" including but not limited to alleged fear, physiological trauma, loss of society and companionship, grief, emotional distress, mental anguish and similar mental injury to any party.

(e)   POIC has no duty to defend or indemnify Super Value Mart for Counts I, II and IV in connection with the claims asserted in the underlying *Perry* action because the shooting was not an "accident" as that term is defined by the Policy and Michigan law.

(f)   POIC has no duty to defend or indemnify Super Value Mart for Counts I, II and IV in connection with the claims asserted in the underlying *Perry* action because the shooting was not an "occurrence" as defined by the Policy and Michigan law.

                Respectfully submitted,

                <u>/s/ Kurt D. Meyer</u>
                KURT D. MEYER
                **GREGORY, MEYER & CHAPNICK, P.C.**
                Attorneys for Plaintiff
                340 E. Big Beaver Road, Ste. 520
                Troy, MI 48083
                (248) 689-3920/(248) 689-4560 -Fax
                P38205
Dated: September 11, 2025    kmeyer@gregorylaw.com